UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE E. PARIS,

       Plaintiff,

                                         Case number No. 07-11026
v.                                        Honorable Julian Abele Cook, Jr.

STATE OF MICHIGAN,
DEPARTMENT OF POLICE,

       Defendant.

ORDER

On March 9, 2007, the Plaintiff, Bruce Paris, filed a complaint in which he alleged that the Defendant, the State of Michigan, Department of Police ("MSP"), had violated his rights under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, by (1) engaging in acts of unlawful religious discrimination against him, and (2) initiating retaliatory measures against him following his rejection of a position of employment, for which he was not qualified. On April 23, 2007, the MSP filed a motion to dismiss Paris' complaint pursuant to Fed. R. Civ. P 12(b)(1), claiming that the Court should abstain from exercising its jurisdiction over his claim because these issues are currently under consideration in an ongoing state judicial proceeding.

I.

In 1986, Paris began his employment with the Department of Police in the State of Michigan. On November 18, 2000, while acting as a state police trooper, he was seriously injured

1

in a patrol car crash which impacted upon his ability to work as a law enforcement officer.[1] As a result of this injury, Paris received workers' disability compensation benefits until January 11, 2001, when he returned to work on a limited basis. However, when he was granted a duty disability retirement from the MSP[2] on April 27, 2002, his workers' disability compensation benefits were reinstated. Thus, Paris began to collect workers' disability compensation benefits and his retirement pension benefits at the same time. He also elected to receive vocational rehabilitation through worker's disability compensation. Paris chose to pursue biblical studies, which ultimately enabled him to earn a bachelor's degree as well as a master's degree.

In 2005, the MSP refused to approve Paris' chosen vocational rehabilitation plan. However, Paris challenged this administrative decision in January 2006 by filing a request for mediation with the Bureau of Workers' Disability Compensation.[3] In March 2006, the MSP, while refusing to pay for additional vocational rehabilitation services, offered him an employment opportunity to work as an institutional chaplain for the Michigan Department of Corrections. Paris declined this offer, asserting that, in his opinion, it was a job which he was not qualified to fulfill. In rejecting this employment opportunity, Paris advised the MSP that he had not received a "divine call" which, in

---

[1]According Paris' disability retirement application, he was hit from the rear by a motorist while investigating another accident which caused him to sustain injuries to his shoulder, back, and finger.

[2]The injury to Paris's finger, which was the primary reason for his disability retirement, had prevented him from engaging in such fundamental duties as heavy lifting and pulling the trigger on a firearm. As a consequence, Paris's disability retirement was granted because he was unable to perform the essential duties of a state trooper.

[3]The dispute (*Bruce Paris v. State of Michigan, Dep't of State Police*), which is currently pending before a magistrate with the Bureau of Workers' Disability Compensation, was set for hearing on May 11, 2007. The major issue therein is whether Paris is disabled, as defined by the applicable workers' disability compensation statute and case law.

turn, effectively precluded him from qualifying and serving as an ordained minister. However, the MSP asserted that – notwithstanding Paris' argument – the position of an institutional chaplain does not require ordination.[4] Moreover, the MSP claims that, despite its efforts to find him a job that Paris could perform, he has steadfastly refused to explore at least seven different employment opportunities or to cooperate with his vocational rehabilitation counselor. (MSP's motion to dismiss, Exhibit B at 40.) On July 17, 2006, the MSP terminated Paris' worker's disability compensation benefits because he (1) had refused all of its reasonable work offers, and (2) was not employable without further training.

On August 22nd of the following month, Paris – believing that the MSP had rendered an unjust decision, filed a complaint with the Equal Employment Opportunity Commission, from which he subsequently received a right-to-sue letter in mid-December. This lawsuit followed. Several weeks later, the MSP filed a motion to dismiss his complaint, contending that this Court is without subject matter jurisdiction to address Paris' claims. In its motion, the MSP argues that the Court should abstain from exercising jurisdiction in this case, citing the existence of a the pending proceeding before the Michigan Bureau of Workers' Disability Compensation.

II.

In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court proclaimed the need for federal courts to abstain from interfering with ongoing state criminal proceedings. Four years later, this doctrine under *Younger* was extended to civil proceedings in any state court litigation.

---

[4]According to an letter from John H. Sheard, the Jurisdictional Bishop in the Church of God in Christ, Inc. in Southwest Michigan, who submitted a letter on Paris' behalf to the vocational consultant on his case, "any person who holds the title of Minister in our church, must acknowledge or believe he has been called by/or with a 'Divine Call' and not appointed by man." (MSP's Motion to Dismiss, Exhibit B at 44.)

3

*Huffman, et al v. Pursue*, *LTD*, 420 U.S. 592 (1975). In *Huffman*, the Supreme Court declared that federal courts should abstain from granting declaratory or injunctive relief in those lawsuits in which the dispute is pending before a state court, and the state is a party to the suit. In *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432 (1982), the Supreme Court applied the *Younger* doctrine to those cases where there are pending state administrative proceedings, explaining that "the policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." In *Ohio Civil Rights Commission v. Dayton Christian Schools*, 477 U.S. 619, 627 (1086), the Supreme Court determined that district courts should also abstain from those matters if there are pending administrative proceedings "in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim."

Thus, the *Younger* doctrine is applicable when the state proceeding (1) is currently pending, (2) involves important state interests, and (3) affords a plaintiff an opportunity to raise adequate constitutional claims. *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir. 1998). In 2003, the Sixth Circuit Court of Appeals noted that a state court proceeding is considered to be pending until such time as all state appellate remedies have been exhausted. *Loch v. Watkins,* 337 F.3d 574, 578 (6th Cir. 2003). However, the Supreme Court also opined that the abstention doctrine is not always appropriate simply because a civil proceeding is pending in a state court. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14, n. 12 (1987). Thus, an intervention by a federal court may become necessary if (1) the state proceeding was conducted in bad faith or initiated in order to harass, *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611 (1974), (2) there is an urgent need for some form of immediate equitable relief, *Kulger v. Helfant,* 421 U.S. 117, 124-25 (1975), or (3) a state

4

statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Trainor v. Hernandez,* 431 U.S. 434, 446-47 (1977).

In support of its argument for abstention, the MSP asserts that the proceeding before the Workers' Disability Compensation Bureau (MWDCB) constitutes an ongoing judicial proceeding. When seeking to determine if an administrative proceeding is judicial in nature for the purposes of abstention, a court must examine the nature of the final act. *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). Specifically, "[a] judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *Id.*

The MWDCB has the exclusive power to determine whether (1) the Workers Disability Compensation Act applies to a particular injury, and (2) the claimed injury is compensable under this statute. According to the laws of the State of Michigan, there are procedural safeguards that must be employed during all hearings before MWDCB; namely, (1) the issues in controversy are to be presented to a presiding magistrate who possesses the power to issue subpoenas whenever it becomes necessary; (2) the applicable rules of evidence govern; (3) all documents which have been admitted into the record are to be received as evidence; (4) the testimony of each witness is to be taken under oath; (5) the employment of sanctions, such as citations of contempt, is available; (5) the magistrate, as is required of all judicial officers, is obliged to weigh the evidence as well as the credibility of the witnesses, and, thereafter, issue a written order which sets forth his reasoning, including findings of fact and conclusions of law. Mich. Comp. Laws §§ 418.847, 418.841, 418.853. Furthermore, the magistrate's order is binding upon the parties, subject to a prevailing appellate process to the Michigan Workers' Disability Compensation Appellate Commission, and

5

ultimately to the state courts. Mich. Comp. Laws §§ 418.859a, 418.861, 418.861a. Thus, the function of the MWDCB is clearly adjudicative – not legislative – and satisfies the first requirement for *Younger* abstention.

The next criteria for abstention is that the state must have an important interest in regulating the subject matter of the claim. *Middlesex,* 457 U.S. at 434. Here, the State of Michigan has a strong interest in administering its workers' compensation laws to ensure that those employees who are injured on the job will received needed subsistence. *See Westvaco Corp. v. Campbell*, 842 F.Supp. 1472 (D. Mass. 1994). The establishment of a complex and detailed regulatory scheme for ensuring a state-wide system of relief for workers who are injured on the job is persuasive evidence of a state's substantial interest in workers' compensation proceedings. *Id*. Thus, the second requirement for abstention has been met.

The last criteria for abstention involves an assessment as to whether the state proceeding provides an adequate opportunity for an aggrieved party to raise constitutional challenges. *Middlesex*, 457 U.S. at 432. The Supreme Court, in *Moore v. Sims*, 442 U.S. 415, 425-26 (1979), stated that "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." The burden of establishing that state law prevents a constitutional challenge falls upon the federal plaintiff. *Pennzoil,* 481 U.S. at 14 (1987).

Here, Paris has failed to identify any state law that would prevent him from raising his constitutional challenges in the proceeding before the MWDCB. In the dispute that is now pending before this administrative tribunal, Paris contends that the termination of his weekly wage benefits was a form of retaliation by MSP, stemming from his refusal to accept the job offer as an institutional prison chaplain. Significantly, these claims are identical to those that have been raised

6

by Paris in the lawsuit before this Court. Thus, the third and final requirement for *Younger* abstention has been met.

III.

It is clear that the application of the three prong test for abstention is appropriate here. The MSP has satisfied each requirement which, in turn, compels the Court to abstain from interfering with the ongoing workers compensation proceedings. Accordingly, the motion to dismiss by the MSP must be and is granted.

IT IS SO ORDERED.

Dated:   November 26, 2007              s/ Julian Abele Cook, Jr.
         Detroit, Michigan              JULIAN ABELE COOK, JR.
                                        United States District Court Judge

Certificate of Service

I hereby certify that on November 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                        s/ Kay Alford
                                        Courtroom Deputy Clerk